IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAMELA D. VAUGHN, : | |
| As the Administratrix of the estate of : | |
| John H. Vaughn, deceased, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIV. ACT. NO. 1:22-cv-204-TFM-M |
| : | |
| JOHN DEERE COMPANY, *et al.*, : | |
| : | |
| Defendants. : | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Motion to Remand or, in the Alternative, Direct Discovery to Establish Jurisdictional Facts*. Doc. 11, filed June 20, 2022. Plaintiff Pamela D. Vaughn moves the Court to remand this action to the Circuit Court of Mobile County, Alabama because Defendant Beard Equipment Company, Inc.'s, principal place of business is in Mobile, Alabama, which destroys the complete diversity of citizenship amongst the parties. *Id.* In the alternative, Plaintiff moves the Court to order limited discovery to determine the principal place of business of Defendant Beard Equipment Company, Inc. *Id.* Defendants John Deere Construction & Forestry Company and Deere & Company state they do not oppose the motion to remand, and none of the other parties filed a response in opposition to the motion to remand. Doc. 13. Having considered the motion, the lack of opposition to the motion, and relevant law, the Court finds the motion to remand is due to be **GRANTED**.

### I.   PROCEDURAL BACKGROUND

This matter was originally filed by Plaintiff Pamela D. Vaughn ("Plaintiff") in the Circuit Court of Mobile County, Alabama on April 26, 2022. Doc. 1-2 at 4-12. In the Complaint, Plaintiff

brings claims of negligence, wantonness, and violation of the Alabama Extended Manufacturer's Liability Doctrine against Defendants Beard Equipment Company ("Beard Co."); Beard Equipment Company, Inc. ("Beard Inc."); Beard Rental & Equipment, Inc. ("Beard Rental") (Beard Co., Beard Inc., and Beard Rental collectively, the "Beard Defendants"); Deere & Company ("Deere & Co.")[1]; John Deere Company ("JD Co."); and John Deere Construction & Forestry Company ("JD Construction")[2] (Deere & Co., JD Co., and JD Construction collectively, the "Deere Defendants"), as well as fictitious defendants. *Id.*  On May 27, 2022, the Deere Defendants removed this matter to this Court and asserted this Court's jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1 at 4.

On June 20, 2022, Plaintiff filed her instant motion to remand for which the Court entered a show cause order. Docs. 11, 12. JD Construction and Deere & Co. timely filed their response to the Court's show cause order in which they state they do not oppose the motion to remand. Doc. 13. None of the other defendants in this action filed a response in opposition to the motion to remand. The motion to remand is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges the decedent, John H. Vaughn, was involved in a fatal incident that involved a John Deere 550K Crawler Dozer in Baldwin County, Alabama in May 2020. Doc. 1-2 ¶ 6. John Vaughn rented or leased the bulldozer from the Beard Defendants at their Pensacola, Florida office. *Id.* ¶ 7. John Vaughn died while he was clearing his land with the bulldozer and

---

[1] In the Deere Defendants' Notice of Removal, they state Plaintiff misidentified Deere & Co. as Deere & Company, Inc. Doc. 1 at 1.

[2] In the Deere Defendants' Notice of Removal, they state Plaintiff misidentified JD Construction as John Deere Construction & Forestry, Inc. *Id.*

was ran over by the machine after he left the operator compartment and the machine continued to move forward.  *Id.* ¶¶ 9-10.  Plaintiff alleges the bulldozer was defective because it was not equipped with an Operator Presence Sensing System, seat switch, stop bar, seatbelt switch or other safety device that would have stopped the bulldozer if the operator left the seat.  *Id.* ¶ 11.

### III.     STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994).  The party removing this action, has the burden of establishing federal jurisdiction.  *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).  Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand.  *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

### IV.     DISCUSSION AND ANALYSIS

In support of JD Construction and Deere & Co.'s removal of this action, and most important to the Court's analysis of its diversity jurisdiction, they argue Beard Inc. is a citizen of the State of Florida because it is incorporated under the laws of, and its principal place of business is located in, Florida.  Doc. 1 ¶ 12.  In Plaintiff's motion to remand, she argues Beard Inc.'s principal place of business is in Mobile, Alabama, which would also make it a citizen of the State of Alabama, the same as Plaintiff.  Doc. 11.  In support of Plaintiff's argument, she states: (1)

Beard Inc.'s officers direct, control, and coordinate the corporation's activities from Mobile; (2) Beard Inc. is headquartered in Mobile, which is the corporation's "nerve center"; (3) Beard Inc.'s mailing address and accounts receivable office are in Mobile; (4) Beard Inc.'s marketing efforts originate from Mobile; (5) Beard Inc. listed its registered office in Mobile; (6) Beard Inc.'s bulldozer logo and website list the Mobile location first; and (7) Beard's Inc.'s LinkedIn profile identifies Mobile as its headquarters. *Id.* at 6-8. JD Construction and Deere & Co. do not oppose the motion to remand and none of the other parties in this matter filed a response in opposition to the motion. Doc. 13.

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount [of] $75,000." *Williams v. Best Buy Co.*, 269 F3d. 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). "Diversity jurisdiction requires complete diversity between named plaintiffs and defendants." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citations omitted). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

> The phrase "principal place of business" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010). In practice, a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters." *Id.*

*Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 731 (11th Cir. 2016) (per curiam).[3] "The burden for establishing federal subject matter jurisdiction rests with the party

---

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247).

Here, Defendants neither oppose nor produce sufficient evidence to rebut Plaintiff's assertion that Beard Inc.'s principal place of business is in Mobile, Alabama. Therefore, the Court finds Beard Inc's principal place of business is in Mobile, Alabama and is, therefore, a citizen of the State of Alabama for the purpose of diversity jurisdiction. Since Plaintiff alleges she is also a citizen of the State of Alabama, the presence of Beard Inc. as a defendant in this matter destroys complete diversity between the plaintiff and defendants. The basis for this Court's jurisdiction that was asserted by JD Construction and Deere & Co. in their Notice of Removal fails and the motion to remand is due to be granted.

## V.    CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiff Pamela D. Vaughn's motion to remand (Doc. 11) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE** and **ORDERED** this 31st day of August 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE